THOMAS M. SCHUMACHER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43965. Promulgated March 7, 1933.

*Joseph J. Klein, Esq.*, for the petitioner.
*Philip A. Bayer, Esq.*, for the respondent.

OPINION.

ARUNDELL: This proceeding involves a deficiency in income tax for the calendar year 1924 in the amount of $1,448.76, all of which is in controversy. At the hearing counsel for the parties stipulated that the amount reported as dividends received and included in income for surtax purposes should be reduced from $26,825 to $24,746. This reduction will be reflected in the recomputation to be made under Rule 50.

There is but one other issue, namely, whether the amount of $75,000 received by petitioner in 1924 constituted taxable income or was a gift, and hence exempt from tax. The petitioner testified briefly, relating some of the circumstances surrounding the alleged gift. The essential facts were stipulated in detail and we adopt the stipulation filed as our findings of fact, setting forth here only a brief summary sufficient to an understanding of the question involved.

From January 1, 1924, to October 31, 1924, petitioner was president of the El Paso and Southwestern Railroad Company, hereafter called the operating company. He was paid in full salary due him as an employee of the operating company up to the conclusion of his employment on October 31, 1924. The stock of the operating company was owned by a holding company, the El Paso and Southwestern Company, until November 1, 1924, when it transferred the stock of the operating company to the Southern Pacific Company in exchange for certain stocks and bonds of the latter company. In the latter part of 1924 after the holding company had effected the exchange the stockholders of the holding company authorized the directors thereof to pay " additional compensation " to officers and employees " in recognition of long and faithful service of the officers and employees of the Railroad." Pursuant to the

authority so granted checks were issued to the persons selected to receive additional compensation. Of the checks so issued petitioner received one dated December 26, 1924, in the amount of $75,000, and another dated January 2, 1925, in the amount of $100,000. Each of these checks was accompanied by a card upon which was printed " With appreciation and best wishes of El Paso and Southwestern Company from Committee appointed November 19, 1924."

No deduction for tax purposes with respect to the distribution to officers and employees was taken by the stockholder's committee, the holding company, any of the stockholders thereof, or the operating company. The amount of $75,000 received by petitioner in 1924 has been included by the respondent in petitioner's taxable income for that year.

The question of whether the distributions made in 1924 and 1925 by the holding company to officers and employees of the operating company constituted taxable income has been involved in several cases. In *William C. Barnes*, 17 B. T. A. 1002, it was claimed by William C. Barnes, vice president of the operating company and Eugene Fox, general traffic manager of the operating company, that the amounts they received in 1924 out of the distribution made by the holding company were gifts and not additional compensation. We sustained the claim of the petitioners, holding that all the essential elements of the gift were present in the distribution. Since the opinion in those cases was rendered the Court of Claims, in *Schumacher* v. *United States*, 74 Ct. Cls. 720; 55 Fed. (2d) 1007, has held that the amount of $100,000 received by the petitioner before us here in 1925 as above described was taxable as compensation for services rendered and was not a gift. The United States Circuit Court of Appeals for the Fifth Circuit, in *Bass* v. *Hawley*, 62 Fed. (2d) 721, held that the share of the distribution received in 1925 by Hawley, general auditor of the operating company, was a bonus or compensation paid him in recognition of long and faithful service and was not a gift.

Upon careful consideration of the facts, the arguments of the parties, and several opinions rendered concerning the nature of the distributions made by the operating company, we believe that the opinions by the Court of Claims and the Circuit Court of Appeals present the sounder view. In line with those opinions we hold that the $75,000 received by petitioner in 1924 was an item of taxable income and we decline to follow our holding in the *Barnes* case, *supra*.

Reviewed by the Board.

*Decision will be entered under Rule 50.*